DECISION GRANTING DEFENDANT'S MOTION FOR SUFFICIENCY OF CORRECTION AND DENYING PLAINTIFF'S REQUEST TO REOPEN, TC-MD NO 051007D.
This appeal concerns a special assessment disqualification and a clerical error that occurred for tax year 2005-06. The real property is identified as Account 1368248.
Plaintiff filed its Complaint, seeking in large part, to "reopen previous appeal on both erroneous and withheld info." Other claims were made as to the clerical error action by Defendant.
Defendant filed a Motion for Preliminary Ruling on Sufficiency of Correction on March 5, 2008. Subsequently, each party filed written arguments and information.
 I. STATEMENT OF FACTS
The subject property is an account that contains 48.60 total acres. For earlier years, 7.12 acres were specially assessed as farm land and the balance was forestland. For the 2005-06 tax year, the forestland was disqualified from the Small Tract Forestland Option. Plaintiff appealed to this court.[1] That appeal was withdrawn by Plaintiff on September 11, 2006. The court issued a final Judgment of Dismissal on September 12, 2006. *Page 2 
For that earlier action, Defendant timely sent the disqualification notice and made a notation on the assessment roll. However, according to Defendant "the forestland acres did not get changed for the 2005-06 tax year to Market (non-specially assessed); thus the assessed value was incorrect * * *." (Def's Answer at 3.) The correction was, in part, delayed due to Plaintiff's request for time extensions and the removal of a "pending" notation for the correction. (Aff. of Dave Evans.)
That was a clerical error. The resulting assessed values for the 2005-06 tax year never reflected the removal of the special assessment. Defendant discovered its error in 2007 and set out the required statutory notice. Corrections and revised tax estimates were provided for the tax year at issue. Plaintiff disagrees with the correction.
 II. ANALYSIS
Judgments from the Magistrate Division are final and may not be appealed. ORS 305.501.[2] That precise language was provided to Plaintiff in the Judgment of Dismissal in that earlier case, TC-MD No 051007D. Tax Court Rule-Magistrate Division 17 B is clear that such cases (after Decision) cannot be reopened or reconsidered. There is no probative evidence of alleged secret or withheld evidence for that case. That case is over. Plaintiff cannot again litigate the disqualification of the property and the resulting additional taxes imposed.
As to the later-discovered clerical error, ORS 311.205 is mandatory in its operation. When the assessor discovers a clerical error, it must be corrected; there is no discretion involved. *Page 3 
ORS 311.205(1)(a) reads as follows:
 "The officer may correct a clerical error. A clerical error is an error on the roll which either arises from an error in the ad valorem tax records of the assessor, * * * or which is a failure to correctly reflect the ad valorem tax records of the assessor, ** * and which, had it been discovered by the assessor * * * prior to the certification of the assessment and tax roll of the year of assessment would have been corrected as a matter of course, and the information necessary to make the correction is contained in such records. Such errors include, but are not limited to, arithmetic and copying errors, and the omission or misstatement of a land, improvement or other property value on the roll."
Here, the information to correct the error was contained within Defendant's records. That is not an error in value judgment. Corrections that are not valuation judgment related include "the correction of a tax limit calculation." ORS 311.205(1)(b).
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion for Sufficiency of Correction is granted; and
IT IS FURTHER DECIDED that Plaintiff's request to reopen TC-MD No 051007D is denied.
Dated this day of September 2008.
[1] TC-MD No 051007D.
[2] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1